UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
WILFREDO AVILES,

                 Petitioner,

    -against-

MICHAEL CAPRA,

                 Respondent.
------------------------------------------------------------- X

13-CV-1153 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

On September 26, 2014, the court denied the petition for a writ of habeas corpus filed by the pro se petitioner, Wilfredo Aviles, pursuant to 28 U.S.C. § 2254. Opinion & Order, Dkt. #16. On October 20, 2014, petitioner moved to vacate the court's prior judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] In his motion, petitioner argues that he is entitled to habeas relief because of errors allegedly committed by his appellate counsel in state court and evidence allegedly demonstrating his actual innocence. For the reasons set forth below, the court denies petitioner's motion.

---

[1] Petitioner also seeks relief under the All Writs Act, 28 U.S.C. § 1651(a), in the nature of writs of coram nobis and audita querela. Such writs have been formally abolished in federal civil cases, see Fed. R. Civ. P. 60(e), although there remain exceptional circumstances with respect to criminal convictions in which the writs may lie. See United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam) (indicating that audita querela "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy" or "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity" of the habeas statutes) (internal quotation marks omitted); Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005) (indicating that coram nobis may be available to review conviction of prisoner who is no longer in custody). Because no such exceptional circumstances are present here, the court reviews petitioner's motion solely under Rule 60(b).

1

she had previously viewed petitioner's picture in a photo array. Second, petitioner argues that his actual innocence is demonstrated by the fact that the State of New York has not prosecuted either of the two men whom witnesses testified were with petitioner at the scene of the crime.

The court rejected all but one of the claims contained in petitioner's Rule 60(b) motion in the court's original denial of habeas relief. See Opinion & Order 11 (actual innocence); id. at 17 n.5 (first trial transcript); id. at 19-21 (petitioner's arrest). As petitioner's arguments in his motion are indistinguishable from those contained in his habeas petition, the court sees no reason to depart from its previous holdings.

The court also declines to vacate its previous judgment based on petitioner's argument regarding the allegedly suggestive procedure that enabled Huggins to identify petitioner in the police lineup. This argument appears in support of petitioner's ineffective assistance claim for the first time in his Rule 60(b) motion. For this reason alone, denial is warranted. See Philips Lighting Co., 2014 WL 4274182, at *5.

The court would reach the same conclusion even if it were to consider petitioner's argument on the merits. To succeed on his suggestiveness claim in state court, petitioner would have had to show that, under the totality of the circumstances, the "identification procedure unnecessarily create[d] 'a very substantial likelihood of irreparable misidentification.'" Brisco v. Ercole, 565 F.3d 80, 90 (2d Cir. 2009) (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)). In this case, Huggins failed to identify petitioner's picture in a photo array that she was shown on June 22, 2006. Opinion & Order 4. It was not until four months later, on October 19, 2006, that Huggins identified petitioner in a police lineup. Id. at 3. Given the significant passage of time between the two identification procedures, it is highly unlikely that the photo array had any effect on Huggins's ability to identify petitioner in the lineup. Petitioner's suggestiveness

claim would not have succeeded on the merits, and thus appellate counsel was not ineffective for failing to raise the issue on appeal. See King v. Greiner, 210 F. Supp. 2d 177, 182 (E.D.N.Y. 2002) ("On appeal, counsel is not required to argue every non-frivolous issue; rather, the better strategy may be to focus on a few more promising issues so as not to dilute the stronger arguments with a multitude of claims. . . . [I]nadequate performance is established only if counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.") (citing Jones v. Barnes, 463 U.S. 745, 751-53 (1983)).

## CONCLUSION

For the foregoing reasons, petitioner's motion is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability. The court notes that upon the entry of this order, the time to appeal the court's September 26, 2014 decision begins to run.

SO ORDERED.

/S/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: November 1�, 2012
Brooklyn, New York

## SERVICE LIST

Pro Se Petitioner

Wilfredo Aviles
08A6675
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562